UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| G&H PARTNERS AG,<br><br>    Plaintiffs,<br><br>v.<br><br>WEXTRUST CAPITAL, LLC; IDEX MINES AND MINERALS, LLC; and IDEX MINING MANAGERS, LLC,<br><br>    Defendants. | No. 07 CIV 9803 (DLC)<br><br>ECF Case |

### MEMORANDUM IN SUPPORT OF
### PLAINTIFF'S MOTION TO REMAND

Plaintiff G&H Partners AG ("G&H") hereby moves, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Supreme Court of the State of New York, in which it was originally filed, and for attorneys' fees and costs that G&H has incurred as a result of Defendants' improper removal.

### Preliminary Statement

All of G&H's claims arise under state law. Defendants have removed the case to federal court solely based on a claim of diversity jurisdiction. Defendants' removal notice, however, fails on its face and in substance to demonstrate complete diversity. G&H's complaint makes clear that complete diversity is lacking, and nothing in the removal papers rebuts, or could rebut, that conclusion. Thus, this Court lacks subject matter jurisdiction over this action. Because the removal was patently improper, G&H requests an award of the costs and fees it was required to incur as a result of Defendants' removal.

**Legal Standard**

A party may remove a case to federal court only if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating the existence of subject matter jurisdiction. *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 273 (2d Cir. 1994). Where neither the complaint, nor the removal notice, properly demonstrates on its face the existence of subject matter jurisdiction, the action must be remanded to the court from which it was removed. *Id.* at 274.

**Argument**

Remand to the New York Supreme Court is required for two reasons. First, the complaint does not establish complete diversity of citizenship, and Defendants failed to allege a basis for claiming complete diversity in their notice of removal. This absence of adequate allegations is sufficient on its own to require a remand. Second, Defendants could not allege diversity, as G&H and Defendant IDEX Mines and Minerals, LLC ("IDEX Mines") are not, in fact, diverse.

    A.    **Defendants' Removal Notice Does Not Demonstrate Complete Diversity.**

The complaint reveals a lack of complete diversity. G&H is a Swiss corporation. Complaint ¶ 2. The complaint also alleges that Defendants IDEX Mines and IDEX Mining Managers, LLC ("IDEX Managers") are limited liability corporations ("LLCs") organized under Virginia law, and that Defendant WexTrust Capital, LLC ("WexTrust") is an LLC organized under Illinois law. *Id.* ¶¶ 3-5. G&H is a member of IDEX Mines. *Id.* ¶¶ 46-47. Defendants' removal notice merely repeats the complaint's allegations concerning G&H's citizenship and the Defendants' states of organization, without adding any allegations concerning citizenship. *See* Removal Notice ¶ 2.

2

These allegations fail to establish diversity of citizenship. It is black letter law that the citizenship of an LLC is *not* determined by its place of organization. Rather, an LLC, like a partnership, takes on the citizenship of each of its members. *See Handelsman v. Bedford Vill. Assocs., Ltd. Pshp.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("LLCs resemble both partnerships and corporations. Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction."). Thus, to demonstrate complete diversity where an LLC is a party, it is necessary to allege the citizenship of each member of the LLC. In fact, this rule is so clearly established that, at times, this Court issues *sua sponte* orders directing a party that purports to invoke diversity jurisdiction to present allegations concerning the citizenship of each member of an LLC party. *E.g.*, *Algonquin Capital Management LLC v. Maceda*, 07 Civ. 7522 (PKC) (Order) (S.D.N.Y. Aug. 30, 2007) (for the Court's convenience, a copy of the *Algonquin* order is attached hereto as *Exhibit A*).

Here, despite purporting to invoke this Court's diversity jurisdiction, Defendants have made no allegations concerning their own members' citizenship. Defendants have thus failed to allege facts that would establish complete diversity of citizenship.[1] This failure to provide the

---

[1] Defendants' failure to allege their own citizenship makes their removal notice inadequate for a second reason. Under 28 U.S.C. § 1441(b), a defendant that is a citizen of the forum state may not remove the action on diversity grounds. By failing to allege the citizenship of their own members, Defendants have failed to allege that none of them is a citizen of New York.

3

fundamental factual basis for removal requires a remand. *See Lupo v. Human Affairs Int'l*, 28 F.3d 269, 273-74 (2d Cir. 1994).[2]

### B. Even Had Defendants Attempted to Apply the Correct Law of Diversity With Respect to LLCs, They Could Not Have Alleged Diversity.

Apart from Defendants' failure to allege properly diversity jurisdiction, this case cannot proceed in federal court for the additional reason that there is not, in fact, complete diversity of citizenship. As alleged in G&H's complaint (and not disputed in Defendants' removal notice), G&H is a member of Defendant IDEX Mines. *See* Complaint ¶¶ 46-47. Because IDEX Mines takes on the citizenship of each of its members, including G&H, Defendant IDEX Mines and Plaintiff G&H are necessarily non-diverse. Thus, complete diversity is lacking. *See Cabrini Dev. Council v. LCA-Vision, Inc.*, 197 F.R.D. 90, 93 (S.D.N.Y. 2000) ("Because Excimer [a plaintiff LLC] shares citizenship with its member, [defendant] LCA, complete diversity, and therefore jurisdiction, is lacking."), *vacated in unrelated part sub nom, Excimer Assocs., Inc. v. LCA Vision, Inc.*, 292 F.3d 134 (2d Cir. 2002); *Bischoff v. Boar's Head Provisions Co., Inc.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006) (granting motion to remand because defendant LLC took on the citizenship of its members, including plaintiff, thus rendering plaintiff and defendant non-diverse); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (holding that where the represented entity in a derivative action is an LLC, that entity takes on the

---

[2] Nor can Defendants be permitted leave to amend their removal notice to cure this deficiency. First, it is too late for Defendants to amend. The removal statute permits removal only within 30 days of the Defendants' receipt of the complaint and summons, or of the date on which the action otherwise becomes removable. 28 U.S.C. § 1446(b). Courts have interpreted this statute strictly in holding that "[a] defendant may not amend its notice of removal after this thirty-day period to remedy a substantive defect in the petition." *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 924 (S.D.N.Y. 1995). Because it has been more than 30 days since Defendants were served with process in this case (*see* Removal Petition ¶ 4), Defendants are not permitted to amend to cure their notice's shortcoming. Second, as discussed in more detail below, allowing amendment would, in any event, be futile. There is no possibility that Defendants could allege complete diversity, as IDEX Mines and G&H are not, in fact, diverse.

citizenship of its members, including plaintiff, thus destroying diversity if the LLC is treated as a defendant); *Island Park Estates, LLC v. Brack*, No. C-06-485, 2006 WL 3448624, at *2 (S.D. Tex. Nov. 28, 2006) (holding that there can be no diversity because plaintiff's citizenship is imputed to defendant LLC, where plaintiff is a member of defendant).[3]

### C. Defendants' Improper Removal Warrants an Award of Costs and Attorneys' Fees.

In light of the well-settled case law in this area, Defendants' attempt to remove this action to federal court appears to be nothing more than a delay tactic. At the very least, the removal lacked any reasonable basis. Awards of attorneys' fees and costs under 28 U.S.C. § 1447(c) are appropriate where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Neither bad faith, nor even frivolity, is required for an award of costs and attorneys' fees. *Id.* at 138 (rejecting a standard that would have required a finding that "the unsuccessful party's position was frivolous, unreasonable, or without foundation" (internal quotation marks omitted)); *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992) ("[T]he statute as amended makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction."); *Schepis v. Local Union No. 17, United Bhd. of Carpenters & Joiners*, 989 F. Supp. 511, 518 (S.D.N.Y. 1998) ("Assessment of costs and fees does not require a finding of bad faith or frivolity."). Here, Defendants not only failed to allege basic facts that speak to the actual citizenship of the parties, but there is also no plausible claim of complete diversity by virtue of G&H's membership in IDEX Mines, which

---

[3] This has long been the rule in the context of suits involving partnerships, from which the law of diversity for LLCs is borrowed. *See Frattalone v. Markowitz*, No. 91 Civ. 5854, 1994 WL 613300 (S.D.N.Y. Nov. 7, 1994) ("[A] partner can *never* base jurisdiction of a claim against the partnership on diversity of the parties." (emphasis added)).

appears on the face of the complaint. In light of the delay, expense, and waste of this Court's time occasioned by Defendants' ill-conceived removal, an award of reasonable costs and attorneys' fees to G&H is proper. *See Martin*, 546 U.S. at 140 ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.").

### Conclusion

For the foregoing reasons, Plaintiff G&H respectfully requests that this Court remand this action to the Supreme Court of the State of New York, County of New York, and order Defendants to compensate G&H for its reasonable attorneys' fees and costs incurred as a result of Defendants' removal.

Dated: November 19, 2007

Respectfully submitted,

G&H PARTNERS AG

By its attorneys,

/s/ Barry S. Pollack
Barry S. Pollack (BP 4039)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 660-3000 (phone)
(212) 660-3001 (fax)
bpollack@sandw.com