LgTom/G&H Partners v. Wextrust Memorandum of Law 12-17-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   Civil Action 07 Civ 9803(DC)
G & H PARTNERS AG,

                              Plaintiffs,                          **MEMORANDUM OF LAW**

    -against-

WEXTRUST CAPITAL, LLC; IDEX MINES AND
MINERALS, LLC; and IDEX MINING MANAGERS,
LLC,

                              Defendants.
----------------------------------------------------------------X

        Defendants, WexTrust Capital, LLC ("WexTrust"), Idex Mines and Minerals, LLC ("Idex Mines"), and Idex Mining Managers ("Idex Managers") hereby submit this Memorandum in opposition to Plaintiff's request for an award of costs and attorneys fees in connection with Plaintiff's remand.

### FACTS

        Plaintiff commenced the instant action by the filing of a complaint in the Supreme Court of New York County on October 15, 2007. Defendants were served on October 18. The Idex entities were served via their registered agent in Virginia; they are both limited liability companies organized under Virginia law with their headquarters in Virginia. WexTrust is a limited liability company organized under Illinois law with its headquarters in Chicago. WexTrust was served at its branch office in New York which it opened in 2006. Defendants filed the Notice of Removal on November 5.

        It should noted at the outset that although the complaint makes many fanciful claims against WexTrust and its principals, the complaint does not allege that Plaintiff or its principals had any direct dealings or business relations with WexTrust. It appears that WexTrust was named as a

defendant solely to obtain jurisdiction in New York. This is a classic case of fraudulent joinder solely for the purpose of forum-shopping.

## LAW AND ARGUMENT

From the face of the complaint, Plaintiff (notwithstanding its membership interest in Idex Mines) is a Swiss corporation. Idex Mines is a Virginia limited liability company and Idex Managers is also a Virginia limited liability company. WexTrust is a Illinois limited liability company with its home office in Chicago. It is to be noted that neither the Second Circuit nor the U.S. Supreme Court has decided that the citizenship of a limited liability company for diversity purposes is the citizenship of all its members.

Facially, based on the location of the plaintiff and the defendants, it appeared that there was in fact complete diversity between the plaintiff and all three defendants. Defendants acted promptly to file their removal notice. It cannot be seriously argued that defendants acted for purposes of delay in the removal as the Southern District is well known for moving more expeditiously than State Court.

Plaintiff's counsel purports to place great emphasis on the ruling of the United States Supreme Court in Martin vs. Franklin Corporation, 546 U.S. 132, 126 S. Ct. 704 (2005), in support of their application for an award of attorneys fees and costs. Defendants find plaintiff's reliance perplexing. In Martin the Supreme Court affirmed the denial of an attorneys' fee application after remand. Further, the discussion in Martin makes it abundantly clear that an award of fees under 28 U.S.C. §1447 (c) is not to be made lightly:

"Absent unusual circumstances, attorney's fees should not be awarded under §1447(c) when the removing party has an objectively reasonable basis for removal." ... Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just. ... The appropriate test for

awarding fees under §1447(c) should recognize congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. In light of these "large objectives," the standard for awarding fees should turn on the reasonableness of the removal. ... Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

In reliance on Martin, only last February, Judge Keenan in Johnson-Kamara v. Chacon Trucking, No. 05 Civ. 9900 (JFK) (THK) (2006 WL 336041) determined not to award costs and attorneys fees in an improperly removed case. For the Court's convenience we enclose a copy of Judge Keenan's decision. In light of Plaintiff's stridency in insisting on costs and fees, we are mystified that Plaintiff's counsel did not find this case and bring it to the court's attention in their motion papers as they are obliged to do so. Perhaps costs and fees should be assessed against Plaintiff in light of this startling omission.

Here, defendants promptly consented to the remand upon plaintiff making its motion for expediency's sake. This is yet another factor militating against an award of fees and costs. Plaintiff's request for an award of costs and attorney fees should be denied. in all respects.

Dated: New York, New York
December 17, 2007

The Abramson Law Group, PLLC
Thomas F. Cohen (TFC 9045)
Attorneys for Defendants
570 Lexington Avenue, 23rd Floor
New York, New York 10022
(212) 686-4401

TO: Sullivan & Worcester, LLP
Attorneys for Plaintiff
1290 Avenue of the Americas, 29th Floor

New York, New York 10104
(212) 666-3000

Sullivan & Worcester, LLP
One Post Office Square
Boston, MA 02109
Attn: Barry S. Pollack

AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF NEW YORK  )

Thomas F. Cohen, being duly sworn, deposes and says:

1. That I am over eighteen years of age, am not a party to this action and reside in New York, New York.

2. That on December 17, 2007, I served a true copy of the within Memorandum of Law, by first-class mail, by depositing same in a sealed envelope with postage prepaid thereon in an official depository under the exclusive care and custody of the U.S. Postal Service within the County and State of New York addressed to the witness at the witness's last known address as indicated below:

Sullivan & Worcester, LLP
Attorneys for Plaintiff
1290 Avenue of the Americas, 29th Floor
New York, New York 10104
(212) 666-3000

Sullivan & Worcester, LLP
One Post Office Square
Boston, MA 02109
Attn: Barry S. Pollack

Thomas F. Cohen

Sworn to before me this
17th day of December, 2007

Notary Public

MITCHELL SHENKMAN
Notary Public, State of New York
02SH-4689084
Qualified in Kings County
Commission Expires Aug 31, 2009

Westlaw Attached Printing Summary Report for COHEN,THOMAS 3770554

Your Search:                    attorney/3 fee /3 remand /3 state court.
Date/Time of Request:           Monday, December 17, 2007 14:09:00 Central
Client Identifier:              WEXTRUST
Database:                       DCT
Citation Text:                  Not Reported in F.Supp.2d
Lines:                          165
Documents:                      1
Images:                         0

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 336041 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

▷
Johnson-Kamara v. W. Chacon Trucking
S.D.N.Y.,2006.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Patricia JOHNSON-KAMARA, Plaintiff,
v.
W. CHACON TRUCKING and Wilbert Chacon, Defendants.
**No. 05 Civ. 9900 JFKTHK.**

Feb. 9, 2006.

*OPINION and ORDER*

KEENAN, J.
*1 Plaintiff commenced this action in the Supreme Court of the State of New York, County of Bronx, on August 8, 2005. Defendants filed with this Court a notice of removal on diversity grounds and an answer on November 22, 2005. For the reasons that follow, the Court *suasponte* dismisses the complaint for lack of subject matter jurisdiction and remands the matter.

The following facts are drawn from the complaint, answer and notice of removal. On November 3, 2004, plaintiff, a Bronx resident, was driving her Mitsubishi northbound on the Clearview Expressway near 27th Avenue in the Fresh Meadows area of Queens. (Compl ¶¶ 1, 5, 8-9.) Her vehicle collided with a tractor-trailer driven by defendant Wilbert Chacon, a New Jersey resident. (Compl. ¶¶ 2, 9; NR ¶ 3.) According to the complaint the owner of the truck was defendant W. Chacon Trucking (?WCT?), which Plaintiff claims is a New York company. (Compl.¶¶ 3, 6.) Defendants state, presumably with more authority, that WCT is a New Jersey corporation (NR ¶ 2.) Plaintiff claims that defendants were negligent in causing the accident (Compl.¶ 11) and that she ?upon information and belief, has sustained or will sustain economic loss greater than basic economic loss as defined in Article Fifty-One (?51?) of the Insurance Law of the State of New York? (Compl.¶ 14). She also alleges that she ?sustained a serious injury? as defined in Article 51 (Compl ¶ 13) and was ?incapacitated from his [sic] normal pursuits? (Compl.¶ 15). The *addamnum* clause reads as follows, warts and all:
WHEREFORE plaintiff(s) [*there is only one* ] demand judgment against the defendant [*there are two defendants* ] on the First and Second Causes of Action [*there is only one cause of action* ] in a sum which exceeds the limits of all other Court [sic] which would otherwise have jurisdiction over the within action, together with the costs and disbursements of this action, including interest and attorneys fees.

(Compl. at p. 3.) The notable feature of this clause is the lack of a specific monetary demand.

Defendants' notice of removal establishes to the Court's satisfaction that diversity of citizenship is present. (NR ¶¶ 2-4.) As for the amount requirement, however, defendants claim only that ?[t]he amount in controversy exceeds $75,000? (NR ¶ 5) and nothing else. Defendants then claim upon information and belief that they never received the summons and complaint ?by service or otherwise,? but that less than 30 days have elapsed since their insurance carrier received the summons and complaint by correspondence from plaintiff's attorney. (NR ¶¶ 7-8.) The Court is somewhat surprised by the defendants' claim that they never received the complaint given that they answered it. In the answer, defendants eschew the ?or otherwise? language and say only that they were not served in accordance with the federal rules (Ans.¶ 9), another surprising statement. The action was commenced in state court and the New York CPLR, not the federal rules, would have governed service.

*2 The diversity statute gives the district courts ?original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... (1) citizens of different States....?28 U.S.C. § 1332. A defendant may remove an action brought in state court to the federal district court embracing the place where the action is pending, if the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). A notice of removal must be filed with the district court 30 days after the defendant receives, ?through service or otherwise,? a copy of the initial pleading setting forth the claim for relief that is the basis for the removal. 28 U.S.C. § 1446(b). If it clearly appears on the face of the notice of removal and attached exhibits that the removal is improper, the district court ?shall make an order for summary remand.?28 U.S.C. § 1446(c)(4). The Court also has the option of holding an evidentiary hearing to resolve the issue. 28 U.S.C. § 1446(c)(5). As with any jurisdictional statute, the removal statute must be strictly construed.*Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 201 (2d Cir.2001).

The question of subject matter jurisdiction may be raised by any party or by the court *sua sponte* at any point in the proceedings. *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir.1983). Where, as here, the defendants invoke federal jurisdiction, the burden is on them to establish the amount in controversy by a preponderance of the evidence. *Gilman v. BHC Secs., Inc.,* 104 F.3d 1418, 1421, 1428 (2d Cir.1997). It is settled in this circuit that ?if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and if the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.?*Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 273-74 (2d Cir.1994).

The *addamnum* clause in the complaint is silent as to an amount. The Court may infer that the plaintiff is seeking damages somewhere in excess of $50,000 for her economic loss because New York's no-fault statute does not permit a recovery for economic loss up to $50,000. N.Y. Ins. Law §§ 5102(a), 5104(a). This does not get us to $75,000.01. The no-fault statute permits a recovery for a ?serious injury,? but the statute describes that kind of injury as a ?non-economic loss? and defines it in physical (e.g.fracture, dismemberment, etc.), not monetary terms. *Id.* §§ 5102(d), 5104(a). While plaintiff does allege a ?serious injury,? she does not go into enough detail for the Court to quantify the injury in economic terms. It could just be a simple fracture. Finally, plaintiff seeks ?costs and disbursements ... including interest and attorney's fees.?28 U.S.C. § 1332 excludes ?interest and costs? from the amount-in-controversy calculation. In this circuit, attorney's fees may be included in the calculation only if recoverable as a matter of right. *Givens v. W.T. Grant Co.,* 457 F.2d 612, 614 (2d Cir.); *vacated on other grounds,*409 U.S. 56, 93 S.Ct. 451, 34 L.Ed.2d 266 (1972). This does not appear to be the case here, and the papers contain no allegations along these lines.

*3 In light of the foregoing, the Court cannot ascertain from the face of the complaint that the plaintiff's injury combined with her economic loss would result in a claim against the defendants in excess of the $75,000 requirement.[FN1] As the defendants are the parties asserting the jurisdiction, they must complete the picture. Instead, they make only the conclusory statement that the amount in controversy exceeds $75,000. They fail to justify this statement with any factual support, as is required by *Lupo.*The burden is not meant to be onerous, *seeScherer v. Equitable Life Assurance Soc'y of the U.S.,* 347 F.3d 394, 397 (2d Cir.2003), but without a clear indication in the complaint that the amount-in-controversy requirement is met, defendants must give the court something in the way of a factual explanation to support the removal. They have failed to do so under a preponderance of the evidence, or any other, standard.

FN1. For the present purposes, the Court assumes that if this action had been commenced in federal court, the plaintiff would not have been required to allege that the amount in controversy exceeded $75,000 as to each of the two defendants. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 933 (2d Cir.1998); N.Y. CPLR 1601, 1602; 15 *Moore's Federal Practice* § 102.108[2] (3d ed.2005).

Under 28 U.S.C. § 1446(b), defendants had 30 days from the time they received the complaint ?through service or otherwise? to file the notice of removal. Defendants may not have received the complaint ?through service,? but they had it ?otherwise? when they answered it on November 22, 2005. The time for filing a notice of removal having expired, the Court will not permit defendants to submit additional papers to supplement the notice. To do so essentially would waive the 30-day requirement in the statute. The Court also declines to order an evidentiary hearing under 28 U.S.C. § 1446(c)(5). As stated in § 1446(c)(4), if it ?clearly appears? from the notice of removal that jurisdiction is wanting, the Court ?shall? remand the case.

Under 28 U.S.C. § 1447(c), the Court has the discretion to award the plaintiff costs and expenses in the event of a **remand**, including attorney's **fees**. The **Court** declines to do so. Just this term the Supreme Court examined § 1447(c) and held that ?absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.? *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 126 S.Ct. 704, 708, 163 L.Ed.2d 547, 552 (2005). Defendants had an objectively reasonable basis to seek removal to the federal court; they merely failed to meet their burden of demonstrating jurisdiction.

The plaintiff's complaint is dismissed for lack of subject matter jurisdiction. The case is remanded back to the state court from whence it came. In accordance with 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this remand order to the Clerk of the Supreme Court of the State of New York, County of Bronx.

SO ORDERED.

S.D.N.Y.,2006.
Johnson-Kamara v. W. Chacon Trucking
Not Reported in F.Supp.2d, 2006 WL 336041 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.