UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| G&H PARTNERS AG,  )<br>  )<br>      Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>WEXTRUST CAPITAL, LLC; IDEX MINES  )<br>AND MINERALS, LLC; and IDEX MINING  )<br>MANAGERS, LLC,  )<br>  )<br>      Defendants.  )<br>  ) | No. 07 CIV 9803 (DLC)<br><br>ECF Case |

## REPLY MEMORANDUM IN SUPPORT
## OF PLAINTIFF'S MOTION TO REMAND

Plaintiff G&H Partners AG ("G&H") hereby submits this reply memorandum in support of its motion, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Supreme Court of the State of New York, and for attorneys' fees and costs.

### Argument

**I.   THE DEFENDANTS LACKED AN OBJECTIVELY REASONABLE BASIS FOR REMOVING AND DELAYING THIS ACTION, AND THEY SHOULD THEREFORE BEAR THE ENSUING FEES AND EXPENSES INCURRED BY THE PLAINTIFF.**

Approximately six weeks after removing this matter to federal court, and after an (untimely) request for an extension of time to address the propriety of the removal, the Defendants belatedly agree that the governing law requires a remand of this action to state court. The only issue that the Defendants contest is whether they should be required to pay the costs and attorneys' fees that Plaintiff has incurred as a result of the improper removal of this action. While so doing, the Defendants have failed to offer any credible or reasonable justification for

their removal of this action, which has served only to delay the case, impose financial burdens on Plaintiff, and waste this Court's time.

As the United States Supreme Court has held, awards of costs and fees under 28 U.S.C. § 1447(c) are available where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants have not articulated any such "objectively reasonable basis." Nor could they have, as there was none. As noted in Plaintiff's opening brief, *the law is well-settled* that an LLC's citizenship for purposes of diversity jurisdiction is determined by the citizenship of its individual members.[1] The Defendants simply ignored this principle when they removed this case, or failed to research this well-settled issue, instead claiming that this Court possessed diversity jurisdiction based solely on the fact that the LLC Defendants were organized under the laws of Illinois and Virginia.

Jurisdiction is lacking for two independent reasons. First, there is not complete diversity, as both Plaintiff and one of the Defendants (IDEX Mines) are foreign citizens for diversity purposes. Second, as the Defendants themselves conceded in their December 4, 2007 letter to the Court, Defendant IDEX Mines has "a number of New York members," which precluded

---

[1] The Defendants assert that neither the Supreme Court nor the Second Circuit has so held. This argument ignores *Handelsman v. Bedford Village Associates, LP*, 213 F.3d 48, 51-52 (2d Cir. 2000), in which the Second Circuit joined every other circuit to have decided the issue. *See also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("LLCs resemble both partnerships and corporations. Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction."). This Court has also held that LLCs take on the citizenship of all of their members. *See, e.g., Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006). In short, there is no good-faith argument that the law is anything but settled on this point.

removal.[2] *See* 28 U.S.C. § 1441(b) (preventing removal where any of "the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); *see also LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 316 (6th Cir. 1994) (affirming award of attorneys' fees where a local defendant improperly attempted to remove a case from state court).

The Defendants' removal is particularly inexcusable where *all* the facts necessary to determine whether a basis for removal exists – *i.e.*, the Defendants' own citizenship – were within the Defendants' possession. The Defendants' assertion that "it appeared that there was in fact complete diversity between the plaintiff and all three defendants" (Oppos. at 2.) thus rings particularly hollow.

Even had the Defendants conducted the necessary investigation into their own citizenship and simply reached the wrong conclusion before removing (and even were that an excuse for improper removal), the lack of complete diversity appears on the face of Plaintiff's complaint. Specifically, the complaint makes clear that Plaintiff is a member of Defendant IDEX Mines, which on its own destroyed complete diversity by rendering Plaintiff and IDEX Mines non-diverse. *See Cabrini Dev. Council v. LCA-Vision, Inc.*, 197 F.R.D. 90, 93 (S.D.N.Y. 2000), *vacated in unrelated part sub nom, Excimer Assocs., Inc. v. LCA Vision, Inc.*, 292 F.3d 134 (2d Cir. 2002); *Bischoff v. Boar's Head Provisions Co., Inc.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y.

---

[2] In light of this concession as to IDEX Mines, the Defendants' frivolous claim that Defendant WexTrust has been improperly joined is irrelevant. It is IDEX Mines' citizenship that results in this Court lacking subject matter jurisdiction over this action, and the Defendants have not argued that IDEX Mines is not properly a party defendant.

2006). In short, the Defendants cannot even claim ignorance as the basis for their improper removal, let alone an "objectively reasonable" basis for removal.[3]

The Defendants' assertion concerning delay -- that "[i]t cannot be seriously argued that defendants acted for purposes of delay" -- ignores the facts. While the docket sheet may remain relatively short, the Defendants have still not even filed an Answer (or other responsive pleading), even though the Complaint was filed in state court on October 16, 2007. But even if the Defendants had acted "promptly" in removing the case and "promptly consented to the remand" (Oppos. at 2, 3.), they fail to excuse their improper removal or to justify not compensating Plaintiff for its costs and fees. Objective unreasonableness can support an award of costs and fees, even in the absence of an intent to delay. *See Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992) ("[T]he statute as amended makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction."). Here, the Defendants' removal was not just objectively unreasonable, but frivolous.

In addition, the Defendants' assertion that delay could not have been their motivation because this Court moves more quickly than New York state courts is a *non sequitur*. So long as this Court is required ultimately to remand this action, the entire time that the action is before this Court amounts to delay, no matter how quickly this Court generally acts in cases properly

---

[3] The Defendants' citation to *Johnson-Kamara v. W. Chacon Trucking*, No. 05 Civ. 9900 JFKTHK, 2006 WL 336041 (S.D.N.Y. Feb. 9, 2006), merits only passing mention. *Johnson-Kamara* did not involve a removal by an LLC in violation of well-established law, or otherwise by a defendant that possessed all the information necessary to know that federal jurisdiction was lacking. Furthermore, the plaintiff in *Johnson-Kamara* was not forced to undertake the expense of moving to remand, as the court remanded *sua sponte*. *Id.* at *1. Finally, and perhaps most importantly, the court found that there *was* an "objectively reasonable," but inadequately pleaded, basis for removal. *Id.* at *3.

before it.[4] In addition, the Defendants did not inform the Court of their consent to a remand until *after* the deadline for their opposition to Plaintiff's motion had come and gone. In fact, the Defendants disregarded this Court's deadline entirely, having neither informed the Court of their position on remand, nor filed an opposition, prior to the deadline for opposing Plaintiff's motion. Nor did the Defendants even bother to request an extension of the deadline before its expiration. It was only after this Court generously permitted Defendants to submit an untimely opposition that the Defendants saw fit to file their opposition to Plaintiff's request for costs and fees. In short, the Defendants sat on their hands for as long as possible, allowing this case to stay in federal court while they knew this Court lacked jurisdiction.

Other than imposing wasteful costs and attorneys' fees on Plaintiff, the Defendants' baseless removal has achieved nothing but delay. Despite having been given leave to file an untimely opposition, the Defendants have been unable to articulate an "objectively reasonable basis" for this improper removal.

## II.  AN AWARD TO PLAINTIFF OF $5,853.00 IN ATTORNEYS' FEES AND COSTS IS REASONABLE AND PROPER.

Attached hereto as Exhibit A is a breakdown of hourly time entries and rates for work by the undersigned and an associate, in connection with the improper removal and efforts to obtain a remand to state court following the improper removal of this action to federal court. For purposes of this motion, the undersigned has already reduced the amount of attorneys' fees truly at issue. The amounts provided here do *not* include the time spent preparing this reply brief. In

---

[4] Because this Court lacks subject matter jurisdiction over the merits of claims, the Defendants' improper removal of this action has also delayed Plaintiff's ability to amend its fraud claims against the Defendants to include a fraudulent omission cause of action arising from the Defendants' failure to inform Plaintiff that WexTrust's COO has been convicted of conspiracy to defraud a financial institution, in violation of 18 U.S.C. § 371. *See United States v. Shereshevsky*, No. 94 CR. 248, 2003 WL 21497629 (S.D.N.Y. June 25, 2003).

addition to the legal fees detailed in Exhibit A, Plaintiff has included $437.00 in costs, which is the approximate costs that Plaintiff's lawyers incurred in electronic research charges in preparing Plaintiff's motion to remand.

The undersigned attests that the fees and costs reflected here and in the time entries in Exhibit A were necessarily and reasonably incurred by Plaintiff in connection with the improper removal and the pending motion to remand following the improper removal of this action. Accordingly, Plaintiff requests an award of attorneys' fees and costs in the amount of $5,853.00.

## Conclusion

For the foregoing reasons, Plaintiff G&H respectfully requests that this Court remand this action to the Supreme Court of the State of New York, County of New York, and order the Defendants to compensate G&H in the amount of $5,853.00, for the reasonable attorneys' fees and costs incurred as a result of the Defendants' improper removal of this action.

Dated: December 19, 2007

Respectfully submitted,
G&H PARTNERS AG

By its attorneys,

/s/ Barry S. Pollack
Barry S. Pollack (BP 4039)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 660-3000 (phone)
(212) 660-3001 (fax)
bpollack@sandw.com