```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
G&H PARTNERS AG,                        :
                    Plaintiff,          :
                                        :
            -v-                         :   07 Civ. 9803 (DLC)
                                        :
WEXTRUST CAPITAL, LLC; IDEX MINES AND   :   MEMORANDUM OPINION
MINERALS, LLC; and IDEX MINING          :        & ORDER
MANAGERS, LLC,                          :
                    Defendants.         :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Barry S. Pollack
Sullivan & Worcester LLP
1290 Avenue of the Americas
New York, New York 10104

For Defendants:
Thomas F. Cohen
The Abramson Law Group
570 Lexington Avenue 23rd Floor
New York, New York 10022

DENISE COTE, District Judge:

Plaintiff G&H Partners AG seeks attorney's fees and costs incurred in prosecuting a motion to remand this action to the Supreme Court of the State of New York, County of New York, where it was originally filed and from which it was subsequently removed by defendants Wextrust Capital, LLC, Idex Mines and Minerals, LLC, and Idex Mining Managers, LLC. For the following reasons, plaintiff's motion is granted. Plaintiff shall be

awarded fees in an amount to be determined following submissions by the parties.

BACKGROUND

Plaintiff initiated this lawsuit on October 15, 2007, in the Supreme Court of the State of New York, County of New York. The Complaint alleged that defendants made a "variety of fraudulent and negligent statements" to induce plaintiff into investing in defendants' investment vehicles, and that, as a result of these fraudulent and negligent statements, plaintiff invested approximately $8 million into IDEX Mines and Minerals, LLC. The Complaint identified WexTrust as a private equity and finance company that solicits and manages investments into a variety of investment vehicles, including IDEX Mines. IDEX Managers, plaintiff alleged, is a controlled subsidiary of WexTrust. "[A]t all relevant times," the Complaint alleged, "WexTrust has dominated and controlled the conduct of IDEX Managers and IDEX Mines." As a result of its investment in IDEX Mines, plaintiff alleged that it was a member of IDEX Mines. The Complaint alleged that plaintiff was a Swiss corporation with its principal place of business in Zurich; WexTrust was a limited liability company organized under the laws of Illinois and with an office in Manhattan; IDEX Mines was a limited liability company organized under the laws of Virginia and registered with the State of New York to sell its securities in

2

New York; and IDEX Managers was a limited liability company organized under the laws of Virginia.

Defendants filed a Notice of Removal on November 5, removing the action on the asserted basis of diversity jurisdiction under 28 U.S.C. § 1332.  See 28 U.S.C. § 1441(a) (permitting removal to federal court only in cases where the federal court would have had subject matter jurisdiction over the original action).  The Notice of Removal recited the Complaint's allegations concerning the citizenship of Wextrust, IDEX Mines, and IDEX Managers, as well as the Complaint's allegations that each defendant is a limited liability company, and stated in conclusory fashion that, "[a]s a result thereof, there's complete diversity of citizenship and the action is properly removed to this court."

On November 19, plaintiff moved to remand this action, claiming a lack of total diversity among the parties.  Plaintiff also requested attorney's fees and costs occasioned by the remand action, pursuant to 28 U.S.C. § 1447(c).  In a reply of December 19, plaintiff specified a request for $5,853 in fees and costs.  By letter dated December 4, defendants informed the Court that they interposed no opposition to remand, but did oppose assessment of attorney's fees and costs.  By Order dated December 20, plaintiff's motion to remand was granted, leaving only the collateral issue of attorney's fees and costs to be

determined.

DISCUSSION

I. Jurisdiction

As noted above, this action was remanded to New York State court by Order dated December 20. Although the remand effectively dismissed the instant case, the Second Circuit has consistently held that "[w]henever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees." In re Austrian & German Bank Holocaust Litig., 317 F.3d 91, 98 (2d Cir. 2003); see also Covanta Onondaga Ltd. P'ship v. Onondaga County Res. Recovery Agency, 318 F.3d 392, 396 (2d Cir. 2003). Accordingly, this Court has jurisdiction to consider plaintiff's motion for attorney's fees and costs.

II. Fees and Costs

Under 28 U.S.C. § 1447(c), a plaintiff may seek an award of fees and expenses, including attorney's fees, incurred in defending against a defendant's removal of an action. Interpreting Section 1447(c), the Supreme Court has ruled that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for

4

seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (emphasis supplied). There is no presumption that fees will be awarded with a remand, and the decision to award fees remains an exercise of the court's discretion.  Id. at 136-37.  The Second Circuit has emphasized the objective nature of the inquiry, observing that the statute authorizing recuperation of fees and costs incurred in defending against removal actions "makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction." Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917, 923 (2d Cir. 1992).

Here, "focusing strictly on the mere absence of subject matter jurisdiction," it is plain that defendants lacked a reasonable basis for removal.  The Complaint's allegations concerning the corporate identity and citizenship of the parties, as well as its allegations concerning the relationship between G&H and IDEX Mines, evidenced a lack of diversity among the parties, and in their Notice of Removal, defendants put forth no allegations even creating a question as to the diversity of the parties.  In defense of their removal, defendants rely solely on their baseless assertion that "neither the Second Circuit nor the U.S. Supreme Court has decided that

the citizenship of a limited liability company for diversity purposes is the citizenship of all its members." But the Second Circuit squarely ruled on this issue in 2000. See Handelsman v. Bedford Village Assocs., Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000) (observing that "for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership"). Defendants' failure to note this well-established principle of law in preparing its Notice of Removal, and its argument that the Second Circuit had never so ruled, speak to the objectively unreasonable basis for their removal.

Considering the "overall fairness given the nature of the case, the circumstances of remand, and the effect on the parties," Morgan Guaranty Trust Co., 971 F.2d at 924 (citation omitted), plaintiff's request for attorney's fees and costs is granted.[1] Plaintiff has submitted a schedule of fees and costs in connection with its reply, and seeks $5,416 in attorney's fees and $437 in costs. Defendants shall submit any opposition to the amount of requested fees and costs within ten days of the date of this Order. Plaintiff shall submit its reply within five days of defendants' submission.

---

[1] Defendants' argument that costs and fees should be denied because they "promptly consented to remand upon plaintiff making its motion for expediency's sake" is unavailing because it does nothing to detract from the objective unreasonableness of their removal of this action in the first place. Their promptness in consenting to remand serves only to limit the attorney's fees and costs incurred by plaintiff.

CONCLUSION

Plaintiff's request for attorney's fees and costs incurred in defending against defendants' removal of this action is granted.

SO ORDERED:

Dated: New York, New York
January 4, 2008

                                       DENISE COTE
                              United States District Judge